JiKNOLL, Judge.
In this worker’s compensation dispute, employer, Flynn Manufacturing, appeals the dismissal of its claim for reduction of benefits based on defendant’s refusal of vocational rehabilitation. The hearing officer found that vocational rehabilitation was not appropriate and denied plaintiffs request that defendant’s benefits be reduced by 50%. For the following reasons, we affirm.
FACTS
On February 9, 1994, Leonard Deville injured his back while lifting a piece of iron in the course of his employment as a welder. Although he continued to work for a few days following the accident, increasing pain caused him to seek medical treatment.
_[2_He began conservative treatment under the care of Dr. John Weiss, an orthopedist in Alexandria. The conservative treatment did not produce satisfactory results, and by November, 1994, Dr. Weiss recommended a two level lumbar fusion.
In February, 1995, Sandra G. Kreuter, a vocational counselor in Mandeville, sought to evaluate Deville’s potential for rehabilitation. Deville refused the rehabilitation because of the instability of his medical condition.
Following this refusal, Flynn Manufacturing requested that Deville’s benefits be reduced for his failure to cooperate with the vocational rehabilitation. A hearing was held on June 16,1995, and the Flynn Manufacturing’s request was denied. In ruling, the hearing officer gave the following reasons:
Considering the record and the arguments of counsel and the representations made in two previous pre-trial conferences and especially considering the plaintiffs [De-ville’s] medical condition at this point, the fact that his physician is recommending *767 surgery, it’s the finding of the Office of Worker’s Compensation that vocational rehabilitation is not appropriate as of today, that voc rehab certainly would be appropriate when the claimant medically reaches a point where he is looking at going back to work.
Flynn Manufacturing then lodged this appeal, assigning as error the hearing officer’s ruling that vocational rehabilitation was not necessary, and the failure to order a reduction of benefits. We affirm.
REDUCTION OF BENEFITS
The reduction of benefits for refusal to participate in a vocational rehabilitation program offered by an employer is governed by La.R.S. 23:1226(E), which states in relevant part:
Refusal to accept rehabilitation as deemed necessary by the hearing officer shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal.
La.R.S. 23:1226(E); (emphasis added).
IsThe hearing officer reviewed the record evidence and found that the defendant’s pending surgery made the plaintiffs request for vocational rehabilitation premature. The manifest error standard applies to the review of the factual determinations made by a hearing officer in a worker’s compensation action. The findings of fact should be overturned only if “clearly wrong.” Alexander v. Pellerin Marble and Granite, 93-1698 (La. 1/14/94); 630 So.2d 706.
Based on our review of the record, we cannot say that the hearing officer was clearly wrong in her determination that the vocational rehabilitation was not necessary at that time. The fact that the outcome of the operation is unknown would make a prior vocational assessment useless. It would be impossible to accurately predict the result of the pending operation in order to make a determination of Deville’s post-operation capacity. The vocational evaluation and rehabilitation would be far more appropriate after the results of the operation were available.
For the foregoing reasons, the judgment of the Office of Worker’s Compensation is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.